United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thorco Projects A/S, Plaintiff, ) <br> ) <br> v.  ) <br>  ) <br> Nutrion Feeds North America, Inc., ) <br> and others, Defendants and  ) <br> Garnishees.  ) | Civil Action No. 23-23796-Civ-Scola <br> **In Admiralty** |

### Order Denying Application to Seal

This matter is before the Court on the Plaintiff Thorco Projects A/S's ex parte application to seal the entire docket for a period of ten days so that the Defendants may not hide assets to avoid attachment and garnishment. (App. to Seal, ECF No. 5.) The documents to be sealed would include the Plaintiff's complaint (ECF No. 1) and application for an order for the issuance of process of maritime attachment and garnishment (ECF No. 10). The Court has reviewed the record, the relevant case law, and is otherwise fully advised. The Court **denies** the motion to seal. (**ECF No. 5**.)

Pursuant to Southern District of Florida Local Rule 5.4(b) and (d), the Court may grant leave to file documents under seal and by ex parte request where the moving party: sets forth the factual and legal basis for departing from the policy that Court filings are public, describes the information or documents to be sealed (the "proposed sealed material") with particularity, and specifies the proposed duration of the requested sealing. The public generally has a right of access to judicial records, but the right to access can be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

The Plaintiff claims that if the docket is not sealed, "the defendants would be able to learn of the pendency of the Rule B attachment . . . . This knowledge would permit the defendants to move any assets or property maintained by the garnishees for the benefit of the defendants, thus frustrating the purpose of the Rule B attachment action." (App. to Seal, ECF No. 5 ¶ 6.)

As a preliminary matter, the motion is deficient because motions to file under seal must be made publicly available on the docket. S.D. Fla. L.R. 5.4(b)(1). Furthermore, the Plaintiff does not offer any further non-speculative support for the suspicion that the Defendants will attempt to hide assets and

fails to cite a single case in which generalized concerns about hiding of assets, without more, was sufficient to support sealing the docket. Indeed, the Plaintiff's only legal citations describe the ex parte procedure for maritime attachments that protects against the Plaintiff's exact concerns. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 438 (2d Cir. 2006).

The Plaintiff has therefore failed to establish that its interest in keeping the case information confidential outweighs the general right of access to judicial records, and the Court **denies** the application to seal. (**ECF No. 5**.)

**Done and ordered** in Miami, Florida, on October 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge