United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thorco Projects A/S, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-23796-Civ-Scola |
| ) | **In Admiralty** |
| Nutrion Feeds North America, Inc., ) | |
| and others, Defendants and ) | |
| Garnishees. ) | |

**Order on Attachment and Appointment of Process Server**

    Plaintiff Thorco Projects A/S filed a complaint in this action seeking issuance of writs of maritime attachment and garnishment against Defendants Nutrion Feeds North America, Inc. and Nutrion Feeds USA, Inc. for breach of a maritime contract. (Compl., ECF No. 1.) The Court has subject-matter jurisdiction over this matter based upon the admiralty and maritime jurisdiction of the United States. 28 U.S.C. § 1333; *California v. Deep Sea Research, Inc.,* 523 U.S. 491, 501 (1998) (the judicial power of federal courts extends to all cases of admiralty and maritime jurisdiction). Pending before the Court now are the Plaintiff's (1) application for an order issuing maritime attachment and garnishment for property of the Defendants (Pl.'s App. for Attachment, ECF No. 10) and (2) application for appointment for service of process of maritime attachment and garnishment (Pl.'s App. for Appt., ECF No. 9.) For the reasons that follow, the Court **grants** both motions. (**ECF Nos. 10 & 9**.)

    The dispute between the parties here stems from the Plaintiff's charter of the Defendants' cargo vessel M/V Anshun. (Compl., ECF No. 1 ¶ 6.) According to the Plaintiff, the Defendants breached their obligations under the parties' charter agreement by loading cargo onto the vessel such that the cargo "spontaneously deteriorated and/or liquefied and [] created a dangerous and/or hazardous condition onboard," resulting in costly delays to the delivery of the Plaintiff's cargo. (*Id.* ¶¶ 8-11.) Following "repeated demand," the Defendant has failed to pay the amounts the Plaintiff says it is owed as a result of the Defendant's breach. (*Id.* ¶ 27.) The Plaintiff seeks security for its claim against the Defendants up to the amount of $5,110,000. (*Id.* at 6 ¶ B.)

    Attachment in maritime actions is governed by Rules B and E of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. "To secure a writ of attachment [under Rule B], a plaintiff must establish the following four prerequisites: '(1) it has a

valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment.'" *Denali Shipping LP v. Van Oil Petroleum Ltd.*, 18-22364-CIV, 2018 WL 7820217, at *2 (S.D. Fla. Aug. 31, 2018) (Moreno, J.) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Once presented, "[t]he court must review the complaint and affidavit and, if the conditions of . . . Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Fed. R. Civ. P. Supp. R. B(1)(b). Thereafter, a defendant may challenge the attachment under Rule E and seek its vacatur. Fed. R. Civ. P. Supp. R. E.

Here, the Plaintiff has sufficiently pleaded (1) an admiralty claim against the Defendants (*e.g.*, Compl., ECF No. 1 ¶¶ 25-28); (2) that the Defendants cannot be "found" within the district, within the meaning of the rule (Verification of J. Stephen Simms, *id.* at 8); and (3) that the Defendants have, or will have, property subject to attachment or garnishment in this district (*id.* ¶ 5). And it further appears there is no statutory or general maritime bar preventing attachment. *E.g.*, *W. of England Ship Owners Mut. Ins. Ass'n (Luxembourg) v. McAllister Bros., Inc.*, 829 F. Supp. 125, 127 (E.D. Pa. 1993) ("[S]o long as a plaintiff has satisfied the requirements under Rule B, a pending arbitration does not preclude attachment . . . available in admiralty or maritime cases.").

Because the Court finds that the Plaintiff has met its initial burden in seeking attachment under Rule B, the Court **orders** as follows:

(1) Process of maritime attachment shall issue against all property in the District belonging to or being held for Defendants Nutrion Feeds North America, Inc. and Nutrion Feeds USA, Inc. by Banco de Sabadell S.A. and PNC Bank, up to and including the amount of $5,110,000.
(2) Any person claiming an interest in any property attached or garnished pursuant to this order is, upon application to the Court, entitled to a hearing at which the Plaintiff will be required to show cause why the attachment or garnishment should not be vacated.
(3) Supplemental process enforcing the Court's order may be issued by the Clerk upon application without further order of the Court.

The Court specially appoints Robert W. Blanck, Jonathan S. Cooper, or any other qualified person appointed by either of them to serve the complaint

and process of maritime attachment and garnishment upon any garnishee in this action.

**Done and ordered** in Miami, Florida, on October 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge